SALCINES, Judge.
C.B.S. appeals the trial court order which left the custody of her daughter, S.B.H., with the child’s father, D.H.; terminated the protective supervision of the Department of Children and Family Services; and terminated the jurisdiction of the trial court over the child. We reverse the order.
This matter was before the trial court on C.B.S.’s motion for reunification with her daughter in a dependency proceeding. At the hearing on the motion, the trial court found that C.B.S. had substantially completed her case plan. It was noted that a custody proceeding was pending (or was in the process of being commenced) by the father in Wisconsin. The court determined that the child should temporarily remain in the custody of her father in Wisconsin so she would not be “ping-ponged back and forth” across the country. The transcript of the hearing reveals that the trial court specifically stated that the issue of custody was not being determined and that the placement with the father was only temporary until the custody issue could be determined in the foreign jurisdiction.
Subsequently, an order was entered by the trial court which did not comport with the oral pronouncements made at the hearing. The order must be reversed and the matter remanded for the trial court to enter an order which properly reflects the trial court’s oral ruling. See Bassett v. *1174 Saunders, 835 So.2d 1198, 1201 (Fla. 1st DCA 2002).
Reversed and remanded for further proceedings.
WHATLEY and DAVIS, JJ., concur.